
**Jon M. Egan**, OSB 002467
Jegan@eganlegalteam.com
Jon M. Egan, PC
240 Sixth Street
Lake Oswego, OR 97034-2931
Telephone:  (503) 697-3427
Fax: (866) 311-5629
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **HANNAH FREDRICKSON, ASHLEY KRENING** and **MAURIALEE BRACKE,** both on behalf of themselves individually and on behalf of others similarly situated,<br><br>                           Plaintiffs,<br>       v.<br><br>**STARBUCKS CORPORATION,** a Washington corporation,<br>                           Defendant. | Case No.<br><br>VERIFIED INDIVIDUAL, COLLECTIVE AND CLASS ALLEGATION COMPLAINT<br><br>(FEDERAL WAGE AND FRAUDULENT RETURN CLAIMS)<br><br>Jury Trial Requested |

**COMPLAINT—BOTH INDIVIDUALLY AND AS AN FLSA COLLECTIVE ACTION, AS WELL AS A RULE 23 CLASS ACTION**

1.

This is an action by the named Plaintiffs, individually (*i.e.*, on their own behalf) and as a collective action (*i.e.*, on behalf of other similarly situated employees), to recover liquidated damages under the federal Fair Labor Standards Act ("FLSA"), as well as a Rule 23 class action to recover statutory damages under the 1996 Taxpayer Bill of Rights 2, for certain present and former employees of Starbucks Corporation (hereinafter "STARBUCKS"). All allegations herein are made to the best of Plaintiffs' and their

counsel's good-faith knowledge, information and belief, based upon the evidence adduced to date. The collective and class action allegations made herein are founded upon STARBUCKS documents specifically indicating that violations arise from company-wide policies, as well as based on the reasonable information and belief that certain other violations apparent from the documents could not have happened if STARBUCKS's computer system were not set up to allow and/or require such violations to occur. Plaintiffs intend to, and reserve the right to, amend their Complaint to remove or add any individual and/or collective or class allegations as necessary after additional discovery. Based upon the facts now known, and/or to the best of their information and belief arrived at after reasonable inquiry into the circumstances, Hannah Fredrickson, Ashley Krening and Maurialee Bracke (hereinafter "Plaintiffs") complain as follows against STARBUCKS, on behalf of themselves and all other STARBUCKS employees who were imputed tips.

## JURISDICTION AND VENUE

2.

This Court has jurisdiction over the subject matter of this Complaint pursuant to 29 U.S.C. § 216(b) (Fair Labor Standards Act ("FLSA")), 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1337 (Actions arising under acts of Congress relating to commerce), and 26 U.S.C. § 7434 (Fraudulent Information Returns).

3.

Venue is proper in the District of Oregon pursuant to 28 U.S.C. § 1391(b)(2) and (3) because STARBUCKS transacted business in this district and Plaintiffs were employed by STARBUCKS in this district, and acts and omissions that are the subject of this suit transpired in this district.

## PARTIES

4.

At all times material herein, Plaintiffs and the collective and class members were hourly employees of STARBUCKS who were imputed tips.

5.

Defendant STARBUCKS is a Washington corporation doing business and owning, operating and managing coffee service establishments throughout the country.

## COMMON FACTS

6.

With the information available to them at this time, Plaintiffs base this individual, collective and class action on STARBUCKS's wrongful deductions from its employees' wages and fraudulent reporting of phantom wages to the government.

7.

STARBUCKS customers leave a substantial amount of cash tips every day in containers located in all STARBUCKS stores, typically near the cash registers. STARBUCKS does not allow customers to put tips on their credit cards.

8.

The tip-eligible employees pool these tips every week, distributing them amongst themselves according to a common formula: each tip-eligible employee gets the same proportion of the tip pool as their proportion of the total hours worked that week at that location.

9.

The employees never report that they have received that amount of tips to STARBUCKS—indeed, STARBUCKS specifically discourages its employees from reporting their tips. Instead, STARBUCKS assigns a phantom amount of unreported tips

to each employee—50¢ for each hour they worked. STARBUCKS calls these phantom unreported tips "imputed tips." STARBUCKS just makes up that phantom number out of thin air and reports that amount on the employees' pay stubs and Box 1 of the employees' W-2 returns as a fake amount of tips that it tells them they received and reported.

10.

The Fair Labor Standards Act prohibits deductions from an employee's pay if they reduce the employee below the minimum wage or overtime requirements. STARBUCKS deducts amounts from its employees' pay that reduce their paychecks below the minimum wage and/or overtime requirements. Its stated reason for the deduction is that the employees owe taxes on their tips, but that is false. Neither Oregon nor Federal law require Starbucks to withhold taxes from unreported tips. The employees do not owe taxes on the tips, because their income is low enough that the withholdings from their regular wages are more than enough to meet their annual tax burden. Even if this were not the case, however, the employees would not have to pay any taxes on those unreported tips until the following April 15 (tax day). The FLSA requires employers to pay the minimum wage and overtime *on payday*, so the fact that the employees might receive a refund of these wrongfully deducted amounts (in many cases over a year later) does not eliminate the violation.

11.

IRS Form W-2 is an information return that employers give to employees and file with the government to let them know how much money the employers have paid to each employee during a calendar year. By including phantom unreported tip amounts in Box 1 of the employees' W-2 returns, STARBUCKS willfully filed fraudulent information returns with respect to payments made to their employees.

**Verified Complaint**                                                                                           Page 4

## FACTS INDIVIDUAL TO ONE OR MORE NAMED PLAINTIFFS

12.

On information and belief, Hannah Fredrickson's records reveal additional potential violations regarding the wrongful overdeduction of Workers' Benefit Fund assessments and wrongful failure to pay for breaks under 30 minutes. After additional discovery, Plaintiffs reserve the right to allege an entitlement to damages and/or injunctive relief based upon these additional potential violations, and they hereby give notice of their intent to do so in that event.

## COLLECTIVE AND CLASS ALLEGATIONS

13.

STARBUCKS engaged in acts and practices that violated the collective and class members' rights under the FLSA and federal tax law. This action is brought on behalf of two FLSA collectives and one Rule 23 class:

a. The first collective consists of current and former employees of STARBUCKS to whom tips were imputed. Plaintiffs allege that as a result of the deductions indicated herein, they and each of the other members of the collective received less than the applicable federal minimum wage, when those wages were due, for at least one workweek while in STARBUCKS's employ, in violation of § 6 of the FLSA (29 U.S.C. § 206).

b. The second collective consists of current and former employees of STARBUCKS to whom tips were imputed. Plaintiffs allege that as a result of the deductions indicated herein, they and each of the other members of the collective received less than one and one half times their regular rate of pay for all hours worked in excess of 40 in one workweek, when those wages were due, for at least one workweek while in STARBUCKS's employ, in violation of § 7 of the FLSA (29

U.S.C. § 207).

c. The class consists of current and former employees of STARBUCKS to whom tips were imputed. Plaintiffs allege that STARBUCKS willfully filed fraudulent information returns regarding them and each of the class members, in violation of federal tax law.

## SIMILAR SITUATION

14.

Plaintiffs and the other collective members are similarly situated in all relevant respects.

## NUMEROSITY

15.

The above class is so numerous that joinder of all members is impractical, consisting of potentially hundreds of thousands of employees.

## COMMONALITY

16.

There are questions of law and fact common to the class, which predominate over any issues involving only individual class members. The principal questions are:

a. Whether the W-2s that STARBUCKS provided to their employees were information returns;

b. Whether STARBUCKS filed those information returns with the government;

c. Whether STARBUCKS's filing of those information returns was willful;

d. Whether the returns filed by STARBUCKS were fraudulent;

e. What remedies are available for the alleged violations.

## TYPICALITY

17.

Plaintiffs' claims are typical of those of the other class members because:

a. Plaintiffs are members of the class.

b. Plaintiffs' claims stem from the same practice or course of conduct that forms the basis for the class claims.

c. All of the class members' claims are based on the same facts and legal theories.

d. There is no antagonism between the interests of Plaintiffs and the class members, because their claims are for damages provided to each class member by statute.

e. The injuries that Plaintiffs suffered are similar to the injuries that the class members suffered, and they are relatively small compared to the expense and burden of individual prosecutions of this litigation.

f. The prosecution of separate actions by the class members could either result in inconsistent adjudications establishing incompatible reporting practices or, as a practical matter, dispose of the legal claims of class members who are not parties to such separate adjudications.

## ADEQUACY OF REPRESENTATION BY PLAINTIFFS

18.

Plaintiffs will fairly and adequately protect the interests of the class because:

a. There is no conflict between Plaintiffs' claims and those of the other class members.

b. Plaintiffs have retained counsel experienced in handling collective and class actions involving wage and hour law, who will vigorously prosecute this litigation.

    c. Plaintiffs' claims are typical of the claims of class members in that their claims stem from the same practice and course of conduct that forms the basis of the class claims.

## FIRST CLAIM FOR RELIEF

(Minimum Wage Claim)

19.

All previous paragraphs are incorporated by reference herein.

20.

Pursuant to 29 U.S.C. § 206, STARBUCKS was required to pay Plaintiffs and the collective members at least the amount of the applicable minimum wage, when those wages were due, but willfully failed to do so.

21.

For such violation(s), Plaintiffs and the collective members are entitled to collect liquidated damages, attorney fees and costs.

## SECOND CLAIM FOR RELIEF

(Overtime Claim)

22.

All previous paragraphs are incorporated by reference herein.

23.

Pursuant to 29 U.S.C. § 207, STARBUCKS was required to pay Plaintiffs and the collective members one and one half times their regular rate of pay for all hours worked in excess of 40 in a given workweek, when those wages were due, but willfully failed to do so.

24.

For such violation(s), Plaintiffs and the collective members are entitled to collect

liquidated damages, attorney fees and costs.

## THIRD CLAIM FOR RELIEF

(Fraudulent Information Returns)

25.

All previous paragraphs are incorporated by reference herein.

26.

Pursuant to 26 U.S.C. § 7434, STARBUCKS's willful filing of fraudulent information returns with respect to the class members entitles each class member to the greater of $5,000 or the sum of their actual damages incurred as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing), the costs of the action, and in the court's discretion, reasonable attorneys' fees.

## FOURTH CLAIM FOR RELIEF

(Injunctive Relief)

27.

Finally, Plaintiffs ask the Court to enjoin STARBUCKS from imputing phantom unreported tips to employees as wages in contravention of state and federal law, to order Starbucks to stop reporting phantom unreported tips as wages to the government in information returns, and to order Starbucks to file corrected tax reporting forms without these fake wages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court issue an order certifying this action as an FLSA collective action and appointing the undersigned counsel as counsel for the collective; issue an order certifying this action as a Rule 23 class action and appointing

the undersigned counsel as counsel for the class; award damages as set forth above and in amounts to be proven at trial; award the attorney fees, costs and expenses of suit of Plaintiffs and the collective and class members; award injunctive relief as specified above; and order such further or alternative relief as the Court deems appropriate.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

DATED this November 15, 2013        JON M. EGAN, P.C.

*/s/ Jon M. Egan*

JON M. EGAN, OSB # 002467
(503) 697-3427
Attorney for Plaintiffs

BY MY SIGNATURE BELOW, I GIVE MY WRITTEN CONSENT TO BECOME BOTH AN INDIVIDUAL PARTY PLAINTIFF AND A COLLECTIVE REPRESENTATIVE IN THE ABOVE-CAPTIONED FEDERAL FAIR LABOR STANDARDS ACT CASE.

*/s/ Hannah Fredrickson*                    */s/ Ashley Krening*

Hannah Fredrickson                           Ashley Krening

*/s/ Maurialee Bracke*

Maurialee Bracke